· CORNELIUS CROWLEY *vs.* ·WILLIAM R. WALTON *et al.*

PROVIDENCE—NOVEMBER 15, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Statutory Liability. Corporations. Stockholders.*

Civil code of Montana, 1895, section 410, provides that the directors of a corporation may purchase mines and other property for its business and issue stock to the amount of the value thereof in payment therefor, and the stock so issued shall be declared and taken to be full-paid stock and not liable to any further call, neither shall the holders be liable for any further payments under the provisions of section 470 of the code ; *Provided,* that on mines any arbitrary value may be fixed, and such value shall, regardless of the actual value, be deemed the value thereof, so as to make the stock issued in payment therefor at such arbitrary value full paid, as above defined.

Section 470 provides that the stockholders of any corporation shall be severally and individually liable to the creditors of the corporation in which they are stockholders to the amount of the unpaid stock held by them respectively for all acts and contracts made by such corporation until the whole amount of the capital stock subscribed for shall have been paid in.

Certain stockholders of a corporation held an option on some mining land for which they were to pay $30,000, and something more than this sum was paid in. The mine so to be purchased was to be turned over to the corporation at the price of $60,000, in full payment of the amount of capital stock subscribed for by them, viz., $57,000. The money was given by the stockholders to one of the promoters, also named as a director in the certificate of incorporation, but by default of the latter, as it appeared, the mine was not purchased and no stock was issued:—

*Held,* that this was not equivalent to the purchase of the mine, and that they were liable under the above section to a judgment creditor of the corporation to the extent of their unpaid stock.

BILL IN EQUITY to enforce stockholders' liability. Heard on bill and answer.

STINESS, C. J. The complainant is a judgment creditor of the Providence and Montana Mining and Reduction Company, a corporation under the laws of Montana. The respondents, Walton, Kittredge, and Kendrick, are stockholders in the company, but they have not paid their stock subscriptions in full, and the plaintiff brings this bill to enforce their liability for the debt to the extent of their unpaid stock.

(1)    The respondents claim exemption under the Civil Code of Montana, 1895, section 410, which provides that the directors of a corporation may purchase mines and other property for its business and issue stock to the amount of the value thereof in payment therefor, and the stock so issued shall be declared and taken to be full-paid stock and not liable to any further call, neither shall the holders thereof be liable for any further payments under the provisions of section 470 of the code: *Provided,* that on mines any arbitrary value may be fixed, and such value shall, regardless of the actual value, be deemed the value thereof, so as to make the stock issued in payment therefor, at such arbitrary value, full paid as above defined.

The testimony shows that certain of the respondents held an option for the purchase of mining land in Montana, for which, fully equipped, they were to pay $30,000, and something more than this sum was paid in. The mine and equipment so to be purchased were to be turned over to the company at the price of $60,000 in full payment of the amount of capital stock subscribed for, which was $57,000. It appears in the testimony that this was a fair and not a fictitious valuation. Had the property been so transferred, possibly the respondents would have been exempted from further liability, under the laws of Montana. But the statute in question requires a purchase of mines by the directors of the corporation. There is no evidence in the case of any action by the directors, as such, but simply an agreement or understanding between the promoters of the company and the subscribers to the stock of what was to be done. This falls far short of the requirements of the statute ; but had the transfer of the property to the corporation been made, it might have been regarded as a corporate act. The fatal defect in the respondents' testimony is the omission to show that any property was in fact purchased or received by the corporation. From their brief we assume that the transaction was not consummated, because they claim that as the stockholders had paid in all that they had agreed to pay, and the corporation only is delinquent, in an equitable proceeding no liability

should be visited upon them because of the default of the corporation. They say: "The liability against the stockholders in a court of equity should exist only in the event that such liability would have existed had the transaction been fully consummated."

The respondents rely for their protection on section 410 of the Montana Code, which exempts stockholders only in case of an actual purchase of mines and the issue of stock therefor. In this case there has been no purchase and no issue of stock. The respondents are not within the terms of the statute. The failure to issue the stock might have been unimportant if the respondents had shown that they were entitled to it. But this they have not shown. They let one of the promoters, who was also named in the certificate of incorporation as a director, have the money. This is not equivalent to the purchase of a mine. So far as appears, they trusted an agent who may have defrauded them. If this is so it is their misfortune, and not that of a creditor who trusted the corporation. The only facts established in the case are that there was a corporation; that the respondents were stockholders; and that they have not paid their stock subscriptions in full. They are thus clearly within the terms of section 470 of the Civil Code of Montana, which is: "The stockholders of any corporation shall be severally and individually liable to the creditors of the corporation in which they are stockholders, to the amount of the unpaid stock held by them respectively, for all acts and contracts made by such corporation until the whole amount of capital stock subscribed for shall have been paid in."

The complainant's right is settled by his judgment. Nothing is shown to impeach it. It was suggested in argument that a part of the plaintiff's claim accrued before the date of incorporation, but if this were a matter which we could consider, an inspection of the judgment indicates that due allowance was made.

In view of these facts, we see no reason to discuss other questions argued at the hearing.

The complainant is entitled to a decree.

*P. J. McCarthy and George B. Barrows*, for complainant.
*Edwards & Angell*, for respondents.